## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **SUPER 8 WORLDWIDE, INC.,** **formerly known as SUPER 8** **MOTELS, INC., a South Dakota** **Corporation,** | Civ. No. 13-cv-5603 (KM) |
| **Plaintiff,** | **OPINION & ORDER** |
| **v.** |  |
| **KUSUM, LLC, a Wisconsin Limited** **Liability Company; PARKASH** **PATEL, an individual; HARDIKA** **PATEL, an individual; BHARAT** **PATEL, an individual; and DIPIKA** **PATEL, an individual,** |  |
| **Defendants.** |  |

**KEVIN MCNULTY, U.S.D.J.:**

Now before the Court is the plaintiff's Motion to Reinstate Complaint (Dkt. No. 14) pursuant to Fed. R. Civ. P. 60(b). For the reasons set forth below, the motion is granted.

## I.   BACKGROUND

On September 20, 2013, the plaintiff, Super 8 Worldwide Inc. ("SWI"), filed a contract action against defendants Kusum LLC ("Kusum"), Parkash Patel, Hardika Patel, Bharat Patel, and Dipika Patel (collectively, "the defendants"). SWI is a franchisor of hotels. On April 6, 2007, Kusum entered into a Franchise Agreement with SWI in order to operate a Super 8 guest-lodging facility in Chetek, Wisconsin. (Compl., Dkt. No. 1, ¶12) The Patels, Kusum's constituent members, personally guaranteed Kusum's obligations under the contract. SWI's action alleged that the defendants failed to pay outstanding royalties and other damages relating to their breach and premature termination of the Franchise Agreement.

1

A copy of the Summons and Complaint was served on all of the defendants between October 17 and November 13, 2013. (Certification of Bryan P. Couch in Support of Motion to Reinstate Complaint ("Couch Cert."), Dkt. No. 14-2, ¶¶4-10) The defendants failed to answer the Complaint and default was entered on December 12, 2013. (Dkt. No. 8)  On March 19, 2014, the Court ordered SWI to move this action within 30 days by requesting that default judgment be entered or by submitting an extension to answer out of time. (Dkt. No. 10) By letter dated April 21, 2014, SWI requested a 3-week extension of time to file a motion for default judgment in order to explore potential settlement discussions with the defendants. (Dkt. No. 11) The Court granted the extension (Dkt. No. 12), but SWI subsequently failed to move for default within the time allotted. On June 9, 2014, the Court entered an Order (Dkt. No. 13) dismissing the case lack of prosecution.

SWI filed the instant motion to reinstate the Complaint on October 24, 2014. In support of the motion, SWI's counsel, Bryan Couch, filed a certification that explains why his office failed to prosecute. He states that "[c]ounsel for SWI inadvertently failed to timely file the motion for default judgment because it was attempting to discuss potential settlement opportunities with Defendants." (Couch Cert., ¶21) Couch submits that if the Court grants SWI's motion, his office "will promptly file the motion for default judgment." (*Id.*)

## II.   DISCUSSION

### A. Standard of Review

Fed. R. Civ. P. 60(b) provides for relief from a final judgment or order, because of, *inter alia,* "(1) mistake, inadvertence, surprise, or excusable neglect." To determine whether a party's neglect in prosecuting its case is excusable, the Court should consider "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within

reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993); *see also George Harms Constr. Co., Inc. v. Chao,* 371 F.3d 156, 163 (3d Cir. 2004) (extending the *Pioneer* factors to an excusable neglect analysis under Fed. R. Civ. P. 60(b)).

### B. Analysis

The Court finds that reinstatement of the Complaint would result in little, if any, prejudice to the defendants. The defendants do not appear to have incurred any expense or inconvenience in defending this litigation. In any event, the delay between dismissal and the motion for reinstatement—less than 5 months—is too slight to detrimentally affect the proceedings. *Compare Roche-Morgan v. Royal Caribbean Cruises,* 2008 WL 111278, at *1 (D.N.J. Jan. 9, 2008) (granting a motion to reinstate complaint filed one year after the court dismissed the case for lack of prosecution). Finally, nothing in the record suggests that SWI has ever acted in bad faith during these proceedings. Accordingly, having considered the relevant factors, the Court will permit SWI to reinstate its Complaint and commence prosecution of this action.

### III. CONCLUSION

For the foregoing reasons, and for good cause shown,

**IT IS** on this 29th day of July, 2015,

**ORDERED** pursuant to Fed. R. Civ. P. 60(b) that SWI's Motion to Reinstate Complaint is **GRANTED**. The clerk shall reopen the file.

**KEVIN MCNULTY, U.S.D.J.**

Dated:  July 29, 2015