UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUPER 8 WORLDWIDE, INC., formerly known as SUPER 8 MOTELS, INC., a South Dakota Corporation,<br><br>                          Plaintiff,<br><br>v.<br><br>KUSUM, LLC, a Wisconsin Limited Liability Company; PARKASH PATEL, an individual; HARDIKA PATEL, an individual; BHARAT PATEL, an individual; and DIPIKA PATEL, an individual,<br><br>                         Defendants. | Civ. No. 13-cv-5603 (KM)<br><br>OPINION |

**KEVIN MCNULTY, U.S.D.J.:**

      This matter comes before the Court on the unopposed motion (Dkt. No. 16) of the plaintiff, Super 8 Worldwide, Inc. ("SWI"), for default judgment against the defendants, Kusum LLC ("Kusum"), Parkash Patel, Hardika Patel, Bharat Patel, and Dipika Patel. For the reasons set forth below, I will enter default judgment against the defendants. SWI is awarded $350,159.48, comprising (i) $224,667.75 in outstanding fees and interest and (ii) $125,491.73 in liquidated damages and interest. Post-judgment interest will accrue from this date at the appropriate rate pursuant to 28 U.S.C. § 1961.

**I.    BACKGROUND**

      On September 20, 2013, SWI filed a contract action against defendants Kusum, Parkash Patel, Hardika Patel, Bharat Patel, and Dipika Patel. SWI is a franchisor of chain hotels. On April 6, 2007, Kusum entered into a franchise agreement with SWI in order to operate a 41-room Super 8 guest-lodging facility in Chetek, Wisconsin for a twenty-year term ("Franchise Agreement").

1

(Compl., Dkt. No. 1, ¶¶12–13; Affidavit of Suzanne Fenimore in Support of Motion for Final Judgment by Default, dated Aug. 31, 2015, Dkt. No. 16-3 ("Fenimore Aff.") Ex. A) Parkash Patel, Hardika Patel, Bharat Patel, and Dipika Patel, Kusum's constituent members, personally guaranteed Kusum's obligations under the contract ("Guaranty"). (Compl. ¶¶ 23–25; Fenimore Aff. Ex. C) The Guarantee committed the Patels to make any unpaid payments on behalf of Kusum in the event that Kusum defaulted under the Franchise Agreement. (Compl. ¶ 24)

Under the terms of the Franchise Agreement, Kusum was obligated to make periodic payments to SWI for royalties, taxes, and a variety of fees, which are collectively defined by the Franchise Agreement as "Recurring Fees." (Compl. ¶ 14; Franchise Agreement § 7) In order to calculate the royalties owed, Kusum undertook to prepare and submit to SWI monthly gross room revenue reports. (Compl. ¶16; Franchise Agreement § 3.8) Kusum was also obligated to maintain accurate books and records and to allow SWI to audit those documents. (Compl. ¶ 17; Franchise Agreement §§ 3.8, 4.8) The Franchise Agreement provided that SWI could terminate the agreement if Kusum discontinued operating the property as a SWI-branded hotel or if Kusum lost possession of the property. (Compl. ¶ 18; Franchise Agreement § 11.2) In the event of a termination of the Franchise Agreement, Kusum also agreed to pay liquidated damages in accordance with a formula specified in the Franchise Agreement. (Compl. ¶ 19; Franchise Agreement § 12.1) On August 13, 2010, SWI and Kusum signed a Connectivity Equipment Lease and Services Addendum ("Addendum"), pursuant to which Kusum agreed to pay liquidated damages in the event of a termination of the Addendum. (Compl. ¶21; Addendum § 12(c)) On July 12, 2012, Kusum ceased operating the property as a Super 8 guest-lodging facility, triggering default and a termination of the Franchise Agreement. (Compl. ¶ 26) Apparently, Kusum had failed to pay the Recurring Fees since the execution of the Franchise Agreement.

On September 20, 2013, SWI filed its complaint in this action. (Dkt. No. 1) The complaint asserts causes of action for breach of contract and unjust enrichment, based on the failure to pay Recurring Fees and liquidated damages. Although served, none of the defendants answered the complaint. (Dkt. No. 8) On December 12, 2013, the clerk entered default against all defendants. On March 19, 2014, the Court ordered SWI to move this action within 30 days by requesting that default judgment be entered or by submitting an extension to answer out of time. (Dkt. No. 10) By letter dated April 21, 2014, SWI requested a 3-week extension of time to file a motion for default judgment in order to explore potential settlement discussions with the defendants. (Dkt. No. 11) The Court granted the extension (Dkt. No. 12), but SWI subsequently failed to move for default within the time allotted. On June 9, 2014, the Court entered an Order (Dkt. No. 13) dismissing the case for lack of prosecution.

On October 24, 2014, SWI filed a motion to reinstate the Complaint on the grounds that counsel "inadvertently" failed to timely file the motion for default because the parties were discussing possible settlement. (Dkt. No. 14) SWI's counsel submitted that if the motion to reinstate were granted, counsel would promptly file a motion for default judgment. (Dkt. No. 14-2) The Court granted the motion to reinstate on July 29, 2015. (Dkt. No. 15) SWI filed its motion for default judgment on August 31, 2015. (Dkt. No. 16) SWI seeks (i) $224,667.75 in unpaid recurring fees and interest and (ii) $133,552.14 in liquidated damages and interest, for a requested award of $358,219.89. (Fenimore Aff. ¶¶ 19–28)

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

## II. LEGAL STANDARDS & ANALYSIS

"[T]he entry of a default judgment is left primarily to the discretion of the

3

district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). Because the entry of a default judgment prevents the resolution of claims on the merits, "this court does not favor entry of defaults and default judgments." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984). Thus, before entering default judgment, the Court must determine whether the "unchallenged facts constitute a legitimate cause of action" so that default judgment would be permissible. *DirecTV, Inc. v. Asher*, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing Wright, Miller, Kane, 10A Fed. Prac. & P. Civil 3d § 2688, at 58–59, 63).

"[D]efendants are deemed to have admitted the factual allegations of the Complaint by virtue of their default, except those factual allegations related to the amount of damages." *Doe v. Simone*, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013). While "courts must accept the plaintiff's well-pleaded factual allegations as true," they "need not accept the plaintiff's factual allegations regarding damages as true." *Id.* (citing *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 536 (D.N.J. 2008)). Moreover, if a court finds evidentiary support to be lacking, it may order or permit a plaintiff seeking default judgment to provide additional evidence in support of the allegations. *Doe*, 2013 WL 3772532, at *2.

### I.  Prerequisites for Entry of Default Judgment

Before a court may enter default judgment against a defendant, the plaintiff must have properly served the summons and complaint, and the defendant must have failed to file an answer or otherwise respond to the complaint within the time provided by the Federal Rules, which is twenty-one days. *See Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 18–19 (3d Cir. 1985); Fed. R. Civ. P. 12(a).

Service of an individual may be made by personal service, leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with a person of suitable age and discretion, delivering a copy of the

4

summons and complaint with an agent for service of process, or by following state law for serving a summons in an action brought in courts of general jurisdiction where the district court is located or where service is made. Fed. R. Civ. P. 4(e).

Service of a corporate entity, such as Kusum, may be made by delivering a copy of the summons and complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" or by following state law for serving a summons in an action brought in courts of general jurisdiction where the district court is located or where service is made. Fed. R. Civ. P. 4(h)(1).

New Jersey law states in relevant part that service on a corporation may be made

> by serving a copy of the summons and complaint . . . on any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation, or on a person at the registered office of the corporation in charge thereof, or, if service cannot be made on any of those persons, then on a person at the principal place of business of the corporation in this State in charge thereof, or if there is no place of business in this State, then on any employee of the corporation within this State acting in the discharge of his or her duties.

N.J. Ct. R. 4:4-4(a)(6).

If, despite diligent efforts, personal service cannot be made in accordance with N.J. Ct. R. 4:4-4(a)(1), *in personam* jurisdiction may nevertheless be obtained over any defendant by substituted or constructive service, in accordance with N.J. Ct. R. 4:4-4(b)(1)(C), by

> mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, and, simultaneously, by ordinary mail to: (1) a competent individual of the age of 14 or over, addressed to the individual's dwelling house or usual place of abode; (2) a minor under the age of 14 or a mentally incapacitated person, addressed to the person or persons on whom service is authorized by paragraphs (a)(2) and (a)(3) of this rule; (3) a

5

> corporation, partnership or unincorporated association that is subject to suit under a recognized name, addressed to a registered agent for service, or to its principal place of business, or to its principal place of business, or to its registered office.

N.J. Ct. R. 4:4-4(b)(3).[1]

Here, the prerequisites for default judgment have been met. The complaint was filed on September 20, 2013. (Dkt. No. 1) Personal service was effected on the individual defendants—Dipika and Bharat Patel on October 17, 2013, and on Hardika and Parkash Patel on October 24, 2013. (Dkt. Nos. 6, 7) Despite diligent efforts and inquiry, SWI was unable to personally serve the limited liability company, Kusum. (Dkt. No. 8; Certification of Bryan P. Couch, Esq., In Support of Motion for Final Judgment by Default, dated August 31, 2015, Dkt. No. 16-2 ("Couch Cert.") ¶ 7) SWI did, however, successfully serve the Summons and Complaint on November 13, 2013 via regular and certified mail as permitted by N.J. Ct. R. 4:4-4(b)(3). (Couch Cert. ¶ 8) Kusum and the Patels had twenty-one days from the date of service to file an answer or otherwise respond to the complaint pursuant to Fed. R. Civ. P. 12(a). The clerk entered default against the defendants on December 12, 2013. (Docket Entry following Dkt. No. 8) Accordingly, I am satisfied that the prerequisites to filing a default judgment are met. *See Gold Kist*, 756 F.2d at 18–19.

## II. Three Factor Analysis

After the prerequisites have been satisfied, a court must evaluate the following three factors: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco*

---

[1] Rule 4 also permits service to be made in accordance with the laws of the courts of general jurisdiction where service is made. Here, service was attempted in California, at the last known address for Kusum. (Dkt. No. 16-2) California law states that personal service on a party is made by "leaving the notice or other paper at the party's residence, between the hours of eight in the morning and six in the evening, with some person of not less than 18 years of age," or if a person of suitable age is not found, "the notice or papers may be served by mail." West's Ann. Cal. C.C.P. § 1011.

6

*Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)). Those factors, considered in light of the record of this case, weigh in favor of entry of a default judgment.

### a. Factor 1

My independent review of the record does not suggest that the claims asserted by SWI against the defendants are legally flawed or that any of the defendants could mount a meritorious defense. *See Doe*, 2013 WL 3772532, at *5. Accepting the allegations in the Complaint as true, *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990), I find that SWI has successfully stated claims for relief as against Kusum and the Patels.

The complaint asserts six causes of action. These all essentially come down to (i) breach of contract against Kusum for failing to pay Recurring Fees, including a claim for contractual liquidated damages based on termination of the Franchise Agreement; and (ii) breach of the Guaranty against the Patels, in their capacities as guarantors, for failing to pay the Recurring Fees on behalf of Kusum.

Under New Jersey law, a prima facie case for breach of contract requires that the plaintiff show: (1) a contract between the parties; (2) a breach of that contract; and (3) damages resulting from the breach. *See Coyle v. Englander's*, 199 N.J. Super. 212, 223 (App. Div. 1985); *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007). The facts alleged in the Complaint establish that those elements are satisfied here. The declaration and exhibits submitted in support of SWI's motion corroborate those factual allegations. Both the Franchise Agreement and Guaranty are on their face valid and enforceable contracts. Those contracts were breached by Kusum's failure to pay certain of the Recurring Fees and liquidated damages owed to SWI, and by the Patels' failure to personally pay the same as guarantors. SWI has accrued damages as a result of these breaches. In sum, the facts alleged by SWI state a claim for breach of the Franchise Agreement against Kusum and breach of the Guaranty against the Patels. I cannot discern a meritorious defense to these claims from the record before me.

7

### b. Factors 2 and 3

The second and third factors, too, weigh in favor of default. Bharat Patel and Dipika Patel were properly served on October 17, 2013, Parkash Patel and Hardika Patel were properly served on October 24, 2013, and Kusum was properly served on November 13, 2013, but all have failed to appear and defend themselves in any manner. It is clear that SWI has been prejudiced by this dereliction because it has been "prevented from prosecuting [its] case, engaging in discovery, and seeking relief in the normal fashion." *See Teamsters Pension Fund of Philadelphia & Vicinity v. Am. Helper, Inc.*, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011) (finding that a defendant's failure to answer prejudices the plaintiff); *see also Gowan v. Cont'l Airlines, Inc.*, 2012 WL 2838924, at *2 (D.N.J. Jul. 9, 2012) ("[Plaintiffs] will suffer prejudice if the Court does not enter default judgment as Plaintiff[s] [have] no other means of seeking damages for the harm caused by Defendant."). Absent any evidence to the contrary, "the Defendant's failure to answer evinces the Defendant's culpability in [the] default." *Teamsters Pension Fund of Philadelphia & Vicinity*, 2011 WL 4729023 at *4. In this case, "there is nothing before the Court to show that the Defendant[s'] failure to file an answer was not willfully negligent." *Id.* (citing *Prudential Ins. Co. of America v. Taylor*, 2009 WL 536043, at *1 (D.N.J. Feb. 27, 2009) (finding that when there is no evidence that the defendant's failure to answer the complaint was due to something other than its own willful negligence, the defendant's conduct is culpable and default judgment is warranted).

Overall, then, the three factors support the entry of default judgment against all of the defendants, and I will grant the motion for default judgment against the defendants.

### III. Remedies

SWI seeks two types of compensation, totaling $358,219.89. (*See* Fenimore Aff. ¶ 28) Specifically, SWI seeks (1) $224,667.75 in recurring fees, including principal and interest, and (2) $133,552.14 in liquidated damages and pre-judgment interest. (*See id.* ¶¶ 19–28)

SWI has submitted documentary evidence in support of its demands, while the defendants have submitted nothing and have failed to appear or respond in any manner. An *ex parte* hearing would thus serve little additional purpose, so I rule based on the record before me.

I will grant SWI's request for the principal amount of recurring fees due and interest on those fees. (*See* Fenimore Aff. ¶ 19) SWI has documented recurring fees (and the interest thereon calculated at 1.5% monthly) owed from January 2009 through November 2012, in the amount of $224,667.75. (Fenimore Aff. Ex. E)

I will also grant SWI's request for liquidated damages (*see* Fenimore Aff. ¶¶ 26-27), although I take issue with the calculation. SWI has documented liquidated damages in the amount of $85,217.64, based on the calculation set forth in the Franchise Agreement of $2,000 multiplied by 41 (the number of rooms Kusum was authorized to operate), plus a payment of $3,217.64 provided for in the Addendum. (*Id.* ¶¶24–25; Franchise Agreement §12.1; Addendum §12(c)). Although SWI calculated interest on this amount based on 18% in annual interest (*see* Fenimore Aff. ¶ 27), the proper percentage under the Franchise Agreement is 15%. (Franchise Agreement § 7.3) Thus, interest on the unpaid liquidated damages amounts to $40,274.09, calculated as follows: $85,217.64 multiplied by .15, equaling $12,782.65, divided by 365 days, to equal $35.02 in daily interest, multiplied by 1,150 days (the number of days between 30 days after termination of the agreement to the return date of this motion), for a total interest amount of $40,274.09. Liquidated damages plus interest comes out to a total amount of $125,491.73.

The judgment awarded is therefore $224,667.75 plus $125,491.73, for a

total amount of $350,159.48. Post-judgment interest will accrue from this date at the appropriate rate pursuant to 28 U.S.C. § 1961.

### III. CONCLUSION

For the foregoing reasons, the motion is granted as to all of the defendants, and a default judgment will be entered against defendants Kusum, Parkash Patel, Hardika Patel, Bharat Patel, and Dipika Patel and in favor of plaintiff SWI in the total amount of $350,159.48, with post-judgment interest from this date at the appropriate rate pursuant to 28 U.S.C. § 1961.

An appropriate order and judgment will issue.

_____
**KEVIN MCNULTY, U.S.D.J.**

Dated: December 1, 2015